BEFORE THE SECOND DIVISION, MARCH 10, 1959

**No. 62829.**—Camarge Trading Co., Inc. *v.* United States, protest 326333–K (Philadelphia).

LAWRENCE, Judge: Plaintiff imported certain merchandise consisting of malleable cast-iron pipe fittings in the form of elbows, tees, and couplings, which the collector of customs classified as articles or wares, not specially provided for, composed in chief value of iron, in paragraph 397 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 397), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, and duty was imposed thereon at the rate of 22½ per centum ad valorem.

Plaintiff contends that the merchandise should be classified as castings of iron, which are advanced by machining or by other processes or operations subsequent to the casting process, in paragraph 327 of said act (19 U.S.C. § 1001, par. 327), as modified by the Torquay Protocol to the general agreement, 86 Treas. Dec. 121, T.D. 52739, and, accordingly, dutiable at the rate of 5 per centum ad valorem.

The pertinent text of the statutes above referred to is here set forth:

Paragraph 397, as modified, *supra*:

Articles or wares not specially provided for, whether partly or wholly manufactured:

*      *      *      *      *      *      *

Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal (not including platinum, gold, or silver), but not plated with platinum, gold, or silver, or colored with gold lacquer:

Woven wire fencing and woven wire netting, * * *

*      *      *      *      *      *      *

Other (except slide fasteners and parts thereof)_____ 22½% ad val.

Paragraph 327, as modified, *supra*:

Cast-iron andirons, plates, stove plates, sadirons, tailors' irons, hatters' irons, but not including electric irons, and castings and vessels wholly of cast iron, including all castings of iron or cast-iron plates which have been chiseled, drilled, machined, or otherwise advanced in condition by processes or operations subsequent to the casting process but not made up into articles, or parts thereof, or finished machine parts_____ 5% ad val.

At the trial, the case was submitted for decision upon a stipulation, which was received in evidence as exhibit 1, and by the incorporation of the records of the following two cases: *Dulien Steel Products, Inc., et al.* v. *United States*, 27 C.C.P.A. (Customs) 285, C.A.D. 102, and *Green Kay Corporation et al.* v. *United States*, 29 C.C.P.A. (Customs) 216, C.A.D. 193.

The stipulation of the parties reads as follows:

1. That the merchandise covered by the above-numbered protests [*sic*] consists of malleable cast-iron pipe fittings in the form of elbows, tees and couplings of the sizes described on the invoices thereof.

2. That said fittings are used to connect pipes or tubes of iron or steel in the transportation of water, gas or oil, but that they are not used to connect cast-iron pipes.

3. That said fittings are composed of cast-iron; that they are not made of charcoal iron; and that the material thereof does not contain any metallic element or alloy which would subject them to duty under paragraph 305 of the Tarrif [*sic*] Act of 1930.

4. That said fittings were made by the casting process and were then malleableized, then galvanized, and then threaded; that they are not welded or seamed by any process or operation subsequent to the casting process.

5. That the malleableizing of said fittings consisted of a process whereby they were heated and then slowly cooled which had the effect of making them more ductile; that the galvanizing of said fittings consisted of a process whereby they were coated with a solution of zinc which had the effect of protecting them from rust; and that the threading of said fittings consisted of a machining operation which had the effect of enabling them to be connected with pipes or tubes of corresponding diameters and correspondingly threaded.

6. That said fittings are of standard types and sizes such as are regularly carried in stock by plumbing supply houses for use in the installation or repair of water, gas or oil systems in buildings where water, gas or oil is transported by means of iron or steel pipes or tubes and where said fittings serve to carry the water, gas or oil in any desired direction; that they are not related to any particular water, gas or oil system but are used interchangeably in a great variety of such systems to connect a great variety of pipes or tubes; that they are not parts of the pipes or tubes which they connect; that they are individual units in no way related to each other as parts of a whole; and that as imported they are in a finished condition ready for use.

In the brief of plaintiff, it is stated that:

* * * The issue is the same as that presented in the *Dulien* and *Green Kay* cases [*supra*] but we believe the facts and the law require an opposite result from that reached in these cases.

We have carefully examined the opinions of the court in the two cases above cited and find them well grounded in law and logic, buttressed by judicial and congressional history. No adequate reason appears for departing from the conclusions reached therein.

Upon the record and for the foregoing reasons, the protest is overruled on all grounds. Judgment will issue accordingly.